**United States District Court**
**Southern District of New York**

|  |  |
|---|---|
| United States of America, | 1:07-cr-00757-RJS |
| Plaintiff | **DEFENDANT'S SENTENCING MEMORANDUM** |
| - against - | |
| Timothy Archer, | |
| Defendant | |

Defendant submits the following Memorandum with respect to his sentencing scheduled before this court on January 16, 2006.

I.  PROCEDURAL BACKGROUND

Timothy J. Archer, defendant, entered a plea of guilty before a United States Magistrate Judge in this court to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and one count of transferring obscene material to an individual under the age of eighteen, in violation of 18 U.S.C. § 1470.

A pre-sentence report has been filed which determines that the adjusted offense level for purposes of the sentencing guidelines is 30, and that defendant's criminal history level is I.  This results in a sentencing guidelines range of 97-121 months.

II.  APPLICABLE LAW

Following the holdings of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, ___ U.S. ___ (2007), and *Gall v. United States*, ___ U.S. ___ (2007), the district court is required to sentence a convicted defendant using the factors set forth at 18 U.S.C. § 3553(a).  Whereas for many years the district courts were required to sentence defendants within the range dictated by the

1

sentencing guidelines, following the holding in *Booker*, *supra*, the guidelines are but one of several factors identified in § 3553(a) which the court must consider. The guidelines are discretionary and not mandatory. *Id*. The district court must fashion a sentence which is sufficient, but not greater than necessary, to meet the purposes of § 3553(a). Although the court of appeals may, as a procedural matter, presume that a within-guidelines sentence is reasonable, *Rita, supra*, such a presumption is non-binding and the sentencing court may not apply such a presumption, but must look to all of the factors in § 3553(a). The district court is required to state, on the record, the reason for the sentence which it imposes, and the court of appeals must apply a deferential abuse of discretion standard in reviewing the sentence chosen by the district court. *Gall*, *supra*.

As long as this court takes the sentencing guidelines into account as *one* of the § 3553(a) factors, this court is not any more bound by the sentencing guidelines than the other factors, and may impose upon defendant any sentence which it deems appropriate under § 3553(a), so long as 1.), the sentence is sufficient to meet the goals of those factors; 2.), the sentence is not greater than is necessary to meet those goals; and, 3.), the court adequately explains, on the record, its reasons, guided by *all* of the § 3553(a) factors, for choosing the sentence which it imposes.

III. APPLICATION OF THE § 3553(a) FACTORS TO THE INSTANT OFFENSE

§ 3553(a) provides:

Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed -

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for -

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

        (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

    (5)    any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)

Of these factors, the first, § 3553(a)(1), requires that "the nature and circumstances of the offense and the history and characteristics of the defendant" be considered. This factor is discussed at length and in detail in an addendum letter which is being filed with this Memorandum. In that letter, undersigned counsel for defendant

points out that defendant, a sixty-one year old retired man who lives with and cares for his wife, should not receive a lengthy prison sentence under the circumstances of this case.  Defendant's life has already essentially been destroyed by the humiliation, and personal and public shame, arising from the charged conduct.   This humiliation, coupled with defendant's very real fear that he will be unable to be with his wife and family at a time when he is very much needed, has virtually broken Mr. Archer's emotional stability.  Quite simply, defendant has to date suffered enough to meet both society's need for retribution and the need to deter Mr. Archer from any future criminal activity.  It is difficult to even imagine that Mr. Archer would ever again even consider engaging in conduct similar to that charged, or for that matter, any criminal conduct.  By the same token, given the level of Mr. Archer's personal turmoil and torment, he has been harshly punished already.

     The second (multi-part) factor, § 3553(a)(2)(A)-(D) deals primarily with the goals of retribution and deterrence; as stated above, the court can easily conclude that these goals with respect to Mr. Archer specifically, have been more than met.

     As to the goal of general deterrence expressed at § 3553(a)(2)(B), there is no doubt that district courts will frequently, in appropriate cases, find it necessary to impose lengthy prison terms for the offenses of possessing or disseminating child pornography.  This will be necessary in order to make it clear to the public at large that such offenses will be dealt with harshly, thereby deterring the commission of such offenses.

     Obviously, however, this goal can and should be met without imposing harsh prison terms in every case.  Where strong mitigating factors are present, such as the instant defendant's background, age, and level of remorse, this court should not hesitate

to reserve its harshest judgment for another, more appropriate case. Such temperance, in the face of strong mitigating factors, is the hallmark of reasoned and wise criminal sentencing, and lends crucial moral weight to a court's sentencing decisions.

The third factor, § 3553(a)(3), calls for consideration of the types of sentences available. This court has considerable flexibility in fashioning a sentence for Mr. Archer.

It can order a lengthy term of community control. It can order a lengthy period of home confinement. It can order that the defendant take advantage of any number of treatment options, including psychological counseling, which may be appropriate to deal with Mr. Archer's lack of judgment in committing the instant offense. Any or all of these alternatives are available to the court in lieu of a lengthy prison sentence.

The factor at § 3553(a)(4) requires the court to consider the sentencing guidelines. As stated above, the guidelines in this case are 97-121 months. Clearly, these guidelines are intended to reflect the seriousness of the offense of possessing or disseminating child pornography.

However, a critical look at how this guideline range came about demonstrates that several of the enhancement factors vastly and inappropriately inflate the amount of prison time which Mr. Archer appropriately should be subjected to.

The base offense level is 18. That clearly constitutes a policy decision on the part of the United States Sentencing Commission and has no bearing to Mr. Archer's offense beyond establishing that base level. Similarly, the two-point increase for material depicting a pre-pubescent minor and five-point increase for dissemination to a minor are part and parcel to the offense charged (although the number of photographs depicting pre-pubescent minors was actually very small).

5

However, the enhancements detailed at paragraphs 5(c)(iv) through 5(c)(vi) of the PSR, totaling eight points, while technically applicable, actually have little bearing on Mr. Archer's conduct. Four points were added for material depicting "sadistic or masochistic conduct or other depictions of violence." This considerable enhancement was due to the recovery from Mr. Archer's computer of exactly *one* photograph which depicts a pre-pubescent minor being sexually penetrated. That one photograph (like all the others) had been deleted by Mr. Archer and was recovered by forensic examiners from the so-called "unallocated" space on the hard drive of his computer.

Defendant submits that it was not the intent of the Sentencing Commission to impose such a drastic enhancement for one deleted photograph.

The offense level is next enhanced by two points due to the use of a computer. This enhancement makes very little sense in Mr. Archer's situation, since without use of the computer, there would have been no pornography at all. The investigators found absolutely no printed pornography of any kind in Mr. Archer's house, and clearly without the computer Mr. Archer would never have had the unfortunate opportunity to view *any* pornography, legal *or* illegal.

Finally, two points are added for possession of ten or more images. Mr. Archer, by deleting all of the pornography from his computer, had repudiated and rejected all of the images. It is unfair that the quantity of these images should be held against Mr. Archer, given that he rejected them *in toto*.

These eight points raise Mr. Archer's offense level from 22 to 30, and the resultant guidelines range from 41-51 months all the way to 97-121 months. To the extent that the guideline range is considered by this court pursuant to § 3553(a)(4), the

court should consider that the guidelines considerably overstate the nature of Mr. Archer's conduct and result in a draconian prison term. This court should correspondingly reduce the weight which it accords the guidelines.

The factors set forth at § 3553(a)(5) and (6) – Sentencing Commission policy statements and the need to avoid disparity in sentencing -  are already reflected in the sentencing guidelines, in that the offense level is the product of the Commission's view, and one of the guidelines' central purposes is to reduce disparity in sentencing.

And finally, for purposes of the seventh factor, § 3553(a)(7), restitution is not an issue, given the nature of this case.

IV.  DEFENDANT'S PROPOSED SENTENCE

The eight to ten year sentence range envisioned by the guidelines in this case is far too harsh, given defendant's age and background, and the nature of his offense. The letter addendum to this Memorandum outlines in detail Mr. Archer's background, the needs of his family, his genuine and deep remorse and shame, and the severe suffering he has endured to date.

In short, defendant submits that any significant length of incarceration, while perhaps warranted in the abstract for the crime of possessing child pornography, would be unduly harsh and would essentially punish Mr. Archer's wife and grown children, who are completely innocent and without blame in this matter.

By the same token, the punishment which Mr. Archer has already inflicted on himself, i.e., the turmoil, mental torment, guilt, shame, and humiliation, is severe, cannot be overestimated, and will continue in some fashion for the remainder of Mr. Archer's life.

The penal goals of retribution and specific deterrence have thus already been met in this case; the goal of general deterrence, important as it is, should not overwhelm the balance in this case.  A moderate term of imprisonment, followed by lengthy community control and a term of home confinement, can meet all of these goals in a just fashion.

Defendant proposes the following sentence:

1. Twelve months incarceration;

2. Twelve months home confinement following release from incarceration;

3. Community control for whatever amount of time deemed appropriate;

4. Mental health counseling and treatment as required by the probation department.

Respectfully submitted,

/s/ Thomas P. Kurt
_____
Thomas P. Kurt
Attorney for Defendant
610 Adams St.
Toledo, Ohio  43604
(419) 241-5506

Dated: January 8, 2008
Toledo, Ohio

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion to Adjourn Sentencing Date was this January 9, 2008 electronically served upon all parties, including plaintiff United States of America, by the court's Electronic Case File system.

/s/ Thomas P. Kurt
_____