

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

January 10, 2008

**BY HAND**

The Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007

  Re:  <u>United States v. Timothy Archer</u>, 07 Cr. 757 (RJS)

Dear Judge Sullivan:

  The Government respectfully submits this letter in advance of the defendant's sentencing in this matter. The defendant has pled guilty to: 1) possessing child pornography, in violation of Title 18, United States Code, Section 2252A; and 2) transferring obscene materials to a minor, in violation of Title 18, United States Code, Section 1470. In his sentencing memorandum, defense counsel has suggested that a sentence below the sentencing guidelines range will be sufficient in light of the sentencing factors of 18 U.S.C. § 3553. <u>See</u> Defendant's Sentencing Memorandum, January 8, 2008 ("Def. Mem."). While defense counsel agrees that the Sentencing Guidelines Range is properly calculated as 97-121 months, he argues that "[t]he penal goals of retribution and specific deterrence has thus already been met in this case" and general deterrence "should not overwhelm the balance in this case." Def. Mem., at 8.

  However, defense counsel overlooks the extremely serious nature of these offenses, and specific aggravating factors in the defendant's case. The defendant was not only convicted of possessing child pornography, but, as discussed below, of distributing that pornography to someone the defendant thought was a fourteen year-old girl, and attempting to convince this "girl" to masturbate and tell the defendant about it. Even in consideration of the mitigating factors in this case, a substantial sentence is warranted due to the serious nature of the offense and the need to impose a sentence that will protect the public, deter future criminal activity, and promote respect for the law.

ARGUMENT

I.      **The Sentencing Guidelines Provide Strong Guidance To The Court**

The United States Sentencing Guidelines still provide strong guidance to the Court in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005). Although <u>United States v. Booker</u>, 543 U.S. 220 (2005), held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. <u>Id.</u> at 264. The Second Circuit has "emphasized that <u>Booker</u> did not signal a return to wholly discretionary sentencing." <u>United States v. Rattoballi</u>, 452 F.3d 127, 132 (2d Cir. 2006); <u>see also</u> <u>United States v. Crosby</u>, 397 F.3d 103, 113 (2d Cir. 2005) ("[I]t would be a mistake to think that, after <u>Booker/Fanfan</u>, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum.").

The Second Circuit has commented on the considerable weight that the Guidelines warrant, relative to the other factors under § 3553(a). "[T]he guidelines cannot be called just another factor in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges." <u>Rattoballi</u>, 452 F.3d at 133 (quoting <u>United States v. Jimenez-Beltre</u>, 440 F.3d 514, 518 (1st Cir. 2006) (<u>en banc</u>)) (citations and internal quotations omitted). The Court noted that "the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider." <u>Id.</u> It positively cited commentary by other circuits regarding the importance of the Guidelines. <u>Id.</u> [1]

Moreover, in <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007), the Supreme Court noted that on appellate review, Circuit Courts may presume that a sentence imposed within a properly calculated United States Sentencing Guidelines Range is a reasonable sentence. <u>Id.</u> at 2459. This is because "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives . . . ." <u>Id.</u> at 2463; <u>see also</u> <u>id.</u> at 2457 ("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill this statutory mandate.").

---

[1] The cases from other circuits that were cited by the Second Circuit include: <u>United States v. Johnson</u>, 445 F.3d 339, 342 (4th Cir. 2006) ("By now, the Guidelines represent approximately two decades of close attention to federal sentencing policy."); <u>United States v. Claiborne</u>, 439 F.3d 479, 481 (8th Cir. 2006) ("The Guidelines were fashioned taking the other § 3553(a) factors into account and are the product of years of careful study."); <u>United States v. Cooper</u>, 437 F.3d 324, 331 n. 10 (3d Cir. 2006) ("The federal sentencing guidelines represent the collective determination of three governmental bodies-Congress, the Judiciary, and the Sentencing Commission-as to the appropriate punishments for a wide range of criminal conduct.") (citations omitted); <u>United States v. Mykytiuk</u>, 415 F.3d 606, 607 (7th Cir. 2005) ("The Sentencing Guidelines represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses.").

## II.    The Sentencing Guidelines Calculation

Although there is no dispute as to the correct Guidelines calculation in this case,[2] the Government takes issue with many of defense counsel's comments regarding the particular enhancement that apply to the defendant's calculation.

First, defense counsel argues that the base level of 18, "constitutes a policy decision on the part of the United States Sentencing Commission and has no bearing to Mr. Archer's offense beyond establishing that base level." Def. Mem., at 5. In fact, that base level has a direct relationship to the defendant's offense and is based on the specific statutes under which the defendant has been convicted. In addition, that base level was reached upon the examination of "tens of thousands" of other defendants sentenced under that same statute. Rita, 127 S. Ct. at 2457, and thus fulfills 18 U.S.C. § 3553(a)'s goals of both not creating unwarranted sentencing disparities and reflecting the serious nature of the offense.

Defense counsel also argues that the "two-point increase for material depicting a pre-pubescent minor and five-point increase for dissemination to a minor are part and parcel of the offense charged . . . ." Def. Memo., at 5. However, the two-point increase for material depicting a pre-pubescent minor is not an element of either distributing obscene material to minors or possessing child pornography. That increase reflects the more serious nature of this case where the victimized children are pre-pubescent, which mirrors 18 U.S.C. § 3553(a)'s goals of considering the seriousness of the offense, and of protecting the public – in this case not only protecting children, but protecting particularly young children. Similarly, the five-point increase for dissemination to a minor is appropriate considering an additional aggravating factor of this offense: not only did the defendant passively possess child pornography, but he actively disseminated it to a "girl" he thought was fourteen years-old. These pornographic pictures that the defendant sent to this "girl" included, among others, "[a] prepubescent female, naked with her legs spread upright in the air, exposing her genital area, while an adult male with a white shirt and greenish underwear appears to be inserting his penis into the girl's vagina." PSR, at 7. Thus, both of these enhancement are appropriately-considered, aggravating factors particular to the defendant's case.

Defense counsel's memorandum also attempts to argue that the two point enhancement for use of a computer "makes little sense in Mr. Archer's situation, since without use of the

---

[2]    The PSR states that the correct guidelines range should be 97-120 months pursuant to U.S.S.G. § 5G1.1(c)(1) because 121 months is "greater than the statutorily authorized maximum sentence." PSR, at 19. However, § 5G1.1 applies to a single count of conviction. The applicable section is § 5G1.2(d) of the Sentencing Guidelines, which provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extend necessary to produce a combined sentence equal to the total punishment." Therefore, because there are two counts in this case with maximum sentences of imprisonment of ten years each, the sentencing guidelines range of 97-121 months is correct.

computer, there would have been no pornography at all." Def. Memo, at 6. The Government does not particularly understand this argument, but the enhancement in these cases for the use of a computer is reasonable. By using a computer, an individual can both obtain and distribute child pornography on a much greater scale than would be possible with print media. This enhancement thus appropriately reflects the increased danger to the public – specifically, to the children being exploited – in addition to reflecting the increased scope of the criminal acts.

Finally, defense counsel recognizes the two point enhancement for possession of between 10 and 150 images of child pornography, but argues that it is "unfair that the quantity of these images should be held against Mr. Archer, given that he rejected them *in toto*." Def. Memo., at 6. While it is true that the defendant attempted to erase his pornography collection from his computer, this was only after AOL had apparently canceled his account for "forwarding pictures." Letter from Dr. Gregory Forgac, January 2, 2008, at 6 ("Forgac Ltr."). Thus, the defendant's deletions were at least in part, if not in whole, in direct response to AOL "catching" him. Regardless, whether or not the later defendant deleted these pictures or not, he possessed them, and, in fact, distributed a handful of them to someone he thought was a fourteen year-old girl. The enhancement is thus appropriate.

## III.    The 18 U.S.C. § 3553 Factors Counsel In Favor Of A Substantial Sentence

The defendant has been convicted of two, very serious crimes against children: the possession of child pornography, and the distribution of obscene material (including child pornography) to someone he thought was a fourteen year-old girl. First, although the defendant is not charged with creating child pornography, the possession and receipt of child pornography re-victimizes these abused and exploited children each time that another person views or disseminates those pictures. They also increase the demand for such pictures, which leads to the victimization of more children. In the defendant's case, the pictures included an image of a child being raped by an adult and of prepubescent children, increasing the heinous nature of this crime.

Moreover, the defendant not only possessed these images, but attempted to exploit someone he thought was a fourteen year-old girl by sending her pornographic images, and attempting to convince her to masturbate and tell the defendant about it.[3] The sentencing guidelines range of 97 to 121 months is a very serious sentence, but duly reflects the vile nature of these offenses and the goal of protecting children from these heinous crimes.

That said, defense counsel has identified a number of mitigating factors in this case. Specifically, this is the defendant's first offense in what has been an otherwise lawful life (including service in the military). Additionally, the defendant has been fully cooperative since

---

[3]    Considering the evidence in this case, defense counsel's belief that the defendant "is not sexually attracted to children," Def. Mem., at 3, is surprising. The defendant clearly had a sexual interest in collecting images of child pornography, sending pornographic pictures to someone he thought was a child, and attempting to convince this "child" into saying sexually explicit things to the defendant.

4

his arrest, and (even if it was due to being caught by AOL) attempted to delete the pornography from his computer.  Finally, the defendant has attended mental health treatment since his arrest. However, these factors must be weighed against the seriousness of his offense, and the need to impose a sentence that will protect the public, deter future criminal activity, and promote respect for the law.  Thus, even in consideration of these mitigating factors, the facts of this particular case require a substantial sentence.

CONCLUSION

Considering the extremely serious nature of the defendant's crimes, the strong guidance of the United States Sentencing Guidelines, and all of the factors under 18 U.S.C. § 3553(a), the Government respectfully asks the Court to impose a substantial sentence of imprisonment.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York


By:    /s Michael M. Rosensaft
      Michael M. Rosensaft
      Assistant United States Attorney
      212-637-2366

cc:    Thomas Kurt, Esq.