# Thomas P. Kurt
ATTORNEY AT LAW

610 Adams St.
Toledo, Ohio 43604
thomaskurt.law@gmail.com

Phone: (419) 241-5506
Fax: (419) 243-4920
———
January 11, 2008

Admitted to Practice in
Ohio, Michigan, and
Federal Courts

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 615
New York, NY 10007

Re:  <u>United States v. Timothy Archer</u>, no. 07-CR-0757, SDNY

Dear Judge Sullivan:

Please accept this letter as a reply to the government's sentencing memorandum in this matter.

The government emphasizes the serious nature of the charges in this case.  Defendant does not contest that these are serious charges; indeed the lengthy sentence proposed by the sentencing guidelines reflect as much.

Pointing out the nature of the charges, the government takes issue with our contention that Mr. Archer is not sexually attracted to children.  We recognize that on its face, this case is about possession of child pornography.  However, we are asking the court to consider the fact that Archer never made any attempt to meet with the purported teenager, and that the amount of adult pornography recovered from his computer far outnumbered the relatively few images of child pornography.

Certainly the government would acknowledge that in a great many of the cases it brings, the defendants are in possession of thousands of child pornography images and are indeed avid "collectors" of child pornography.  Here, no other images or evidence of attraction to children was found in a search of Archer's residence.  When these facts are considered, Archer stands in contrast to the many defendants who regularly stand before federal district court on similar charges, and who evidence an active and compulsive sexual attraction to children.

The government questions various of our comments which seek to demonstrate that the sentencing guidelines treat Mr.
                          (cont'd)

THOMAS P. KURT
ATTORNEY AT LAW
———
January 11, 2008

Hon. Richard J. Sullivan
United States District Court
Southern District of New York

Re:   <u>United States v. Timothy Archer</u>, no. 07-CR-0757, SDNY

- Page 2 -

Archer's situation with undue harshness.  My comments regarding the base offense level and certain of the enhancements were not intended to question those enhancements; quite to the contrary, I concede that the base offense level and the enhancements for images involving a pre-pubescent minor and for disseminating images to a minor, speak for themselves and do indeed reflect the seriousness of the charges.

Regarding the enhancement for use of a computer, my point is simply that, without access to a computer and the internet, Mr. Archer likely would not be in the position he finds himself.  Since his use of the computer was necessary for him to commit the criminal behavior, it makes no sense to increase his punishment for the very same reason.

Likewise, the two-point enhancement for the quantity of child pornography does little to measure Mr. Archer's ultimate culpability.  We submit that Mr. Archer's culpability is better measured by his own reaction to his own conduct.  Archer voluntarily deleted the pornographic images from his computer.  The government suggests that he did this only after being "caught", but Mr. Archer has told me, and will tell the court, that he went through cycles of curiosity and shame, in which he would view (primarily adult) pornography, feel guilty and remorseful, and then delete it.  He went through this cycle more than once, always ultimately feeling shameful about his viewing of pornography of any type.

This is not an individual committed to a lifestyle of viewing pornography.  Needless to say, in light of his feelings of guilt, and in light of the devastating consequences of his behavior, Mr. Archer has no desire to see a pornographic image ever again in his life, and quite frankly has no desire ever again to even use a computer.

(cont'd)

THOMAS P. KURT
ATTORNEY AT LAW
———

January 11, 2008

Hon. Richard J. Sullivan
United States District Court
Southern District of New York

Re:  <u>United States v. Timothy Archer</u>, no. 07-CR-0757, SDNY

- Page 3 -

The monstrous quality of these criminal proceedings are quite neatly aligned, in Mr. Archer's mind, with the guilt which he has felt over his conduct, both before and since his arrest. The court should view this as a very positive factor, as it bodes well for the prospect that Mr. Archer's future conduct will be both lawful and moral.

The bottom line, your honor, is that yes, these are very serious charges; and yes, Mr. Archer committed a terrible wrong.  Yet even so, this court must not lose sight of Mr. Archer as an individual, and must consider the horrendous consequences a lengthy prison sentence would have for his family.  I must emphasize again that the court will, unfortunately, see many cases involving both serious charges of this nature and incorrigible defendants.  Mr. Archer is not incorrigible, and the sentence proposed by the guidelines would not be appropriate.

Very truly yours,

*[signature]*

Thomas P. Kurt

cc: Michael Rosensaft, AUSA (via ECF system)