

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

February 5, 2008

**BY HAND**

The Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007

     Re:    United States v. Timothy Archer, 07 Cr. 757 (RJS)

Dear Judge Sullivan:

     The Government respect submits this letter in response to Your Honor's inquiries at the sentencing hearing of the above-referenced Defendant on January 16, 2008.[1]  In particular, below is a discussion of recent sentences that have been given in similar cases, which demonstrate that the majority of defendants in these cases receive sentences within or close to the Sentencing Guidelines Range.  Moreover, in none of the cases discussed below did a defendant receive as severe of a departure from the Sentencing Guidelines as that for which defense counsel advocated at the sentencing hearing.  In addition, the Government has obtained information relating to the treatment options for sexual offenders within the bureau of prisons.  As described below, the Bureau of Prisons has established programs for sexual offenders, and also works with Probation upon the release of a sexual offender to help the offender manage his sexual deviance and reintegrate himself into the community.

**I.**     **The Majority of Sentences For Similar Conduct Are Within Or Close To The Sentencing Guidelines Range**

     The Defendant has pled guilty to both possession of child pornography, in violation of Title 18, United States Code, Section 2252A, and sending obscene materials to a minor, in violation of Title 18, United States code, Section 1470.  This case is thus more severe than most child pornography possession cases, but still less severe than child enticement cases as there is no

---

[1]     At Your Honor's request, the Government has included a copy of the transcript of that proceeding with this letter.

Hon. Richard J. Sullivan
February 5, 2008
Page 2

evidence that the Defendant ever attempted to meet a child in person to engage in sexual activity. We were unable, in a limited review, to find a case that charges both 2252A and 1470, but a review of both child pornography possession cases and enticement cases reveal that most Defendants are sentenced within the applicable Sentencing Guidelines Range.

   First, with respect to the possession and/or distribution or receipt of child pornography cases that do not involve child enticement, a recent review of cases show that defendants are typically sentenced either within the applicable Sentencing Guidelines Range, or close thereto. See, e.g., United States v. Vuotto, 05 Cr. 1179 (J. Swain) (70 months' imprisonment for defendant's possession of child pornography, where guidelines range was 78-97 months); United States v. Sullivan, 06 Cr. 255 (J. Castel) (97 months' imprisonment for possession and receipt/distribution of child pornography where sentencing range was 97-121 months); United States v. McCalla, 06 Cr. 413 (J. Castel) (121 months' imprisonment, where the Guidelines Range was 121-151 months, where defendant exchanged images and videos of child pornography with undercover agent, and where defendant admitted to receiving between 150 and 200 images of child pornography from other people and sending between 100-150 images of child pornography); United States v. Reeves, 06 Cr. 524 (J. Carter) (30 months' imprisonment for possession of child pornography where guidelines range was 30-37 months); United States v. Mobley, 06 Cr. 598 (J. Hellerstein) (70 months' imprisonment guidelines-range sentence where defendant possessed 388 images of child pornography).  There were two recent cases where there was a significant departure from the Sentencing Guidelines, but even in these cases, the departures were not as significant as defense counsel is advocating in this case.  In United States v. Cuevas, 05 Cr. 894 (J. Chin), Judge Chin sentenced the defendant to 96 months' imprisonment, where the Sentencing Guidelines Range was 151-181 months' imprisonment, due primarily to the fact that the defendant had a number of severe medical problems.  Also, in United States v. Walker, 06 Cr. 732, Judge Preska sentenced the defendant to 1 year and one day for possessing child pornography where the Sentencing Guidelines range was only 37 to 46 months.  The Sentencing Guidelines Range in Walker was thus much lower than it is in the present case, and even then, the departure in Walker was not as severe as that which has been recommended by defense counsel here.

   Unlike the cases cited above, the present case includes not only the possession of child pornography, but sending child pornography to a minor in order to convince the minor to masturbate and tell the defendant about it.  Although it does not rise to the level of child enticement because the defendant never attempted to meet the undercover officer posing as a child, a review of recent child enticement cases also demonstrate an adherence to the Sentencing Guidelines Range or close thereto.  See United States v. McDarrah, 05 Cr. 1182 (J. Crotty) (72 months' imprisonment, where Guidelines Range was 78-97 months, for attempted enticement of a minor to engage in sexual activity where defendant communicated with an undercover he thought was thirteen years old via instant messages, e-mails, and the telephone, and then attempted to meet the undercover in person); United States v. Rubinstein, 06 Cr. 0361 (J.

Hon. Richard J. Sullivan
February 5, 2008
Page 3

McMahon) (120 months' imprisonment, where Guidelines Range was 108-135 months, for possession and receipt of child pornography and child enticement where defendant engaged in sexually explicit conversations in chat rooms with undercover officers the defendant believed were 13-years old, told the officers he had had sex with a 15-year old and 17-year old, and tried to meet the undercovers).  These cases can, and should, be distinguished from the present case because Archer did not attempt to meet with the "child," but given the defendant's attempts to persuade the "child" to perform sexual acts and tell him about it, coupled with the adult and child pornography he sent to the "child," these cases are more similar than the mere possession cases listed above.

All of the cases listed above demonstrate that defendants in this District most often receive a sentence within, or close to, the Sentencing Guidelines Range.  This makes sense given that "[t]he Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill this statutory mandate."  Rita v. United States, 127 S. Ct. 2456, 2457 (2007).  The defendant's request, that he be sentenced to one year when his Sentencing Guidelines Range is 97 to 121 months, would result in a sentence that is roughly 10% of the applicable range.  While Your Honor is of course not bound by the Guidelines and must consider all of the 18 U.S.C. § 3553(a) factors, it is noteworthy that none of the cases above entailed such a severe discrepancy between the Guidelines Range and the final sentence.  The Sentencing Guidelines Range has appropriately been calculated based on the aggravating factors in this case, and, although, advisory, provides strong guidance to this Court in formulating a sentence.

**II.     The Bureau of Prisons Sex Offender Programs**

As required by the Adam Walsh Act, 18 U.S.C. § 3621(f), the Bureau of Prisons offers specialized sex offender programs in each Bureau of Prisons region.[2]  Although the presentence report recommends that Your Honor designate the defendant to Federal Medical Center in Devens, Massachusetts, similar programs have been established at five other Bureau of Prison institutions as well.

The Bureau of Prisons have two different programs to treat sexual offenders: the Sex Offender Management Program (SOMP), and the Sex Offender Treatment Program (SOTP).  Inmates are designated to the SOMP by the Bureau of Prisons based on their history of sexual offenses.  The SOMP is a mandatory designation, and is assigned in consideration of the

---

[2]     The majority of this information is derived from the Legal Resource Guide to the Federal Bureau of Prisons 2008, available at http://www.bop.gov/news/PDFs/legal_guide.pdf, at 29-30.

Hon. Richard J. Sullivan
February 5, 2008
Page 4

defendant's history, the nature and circumstances of his present crime, and the security level of the individual. The SOTP, on the other hand, is a voluntary program for which defendants generally only become eligible for the last 12 or 18 months of their sentence, and is an intensive program that uses a wide range of cognitive-behavioral and relapse prevention techniques with the goal of managing the offender's sexual deviance upon release. At the conclusion of either of these programs, the Bureau of Prisons works with probation and the offender upon the offender's release regarding community treatment programs. 18 U.S.C. § 3553(a)(2)(D) asks this Court to consider the need for the sentence to provide "medical care, or other correctional treatment in the most effective manner." While the Government is not aware of any studies that compare the effectiveness of these programs with treatment outside of the Bureau of Prisons, these programs demonstrate that the defendant can obtain necessary treatment while imprisoned, and that the Bureau of Prisons is committed to not only treatment sexual offenders while in prison, but upon helping them to manage their sexual deviance upon release. The Government thus joins in Probation's recommendation that Your Honor recommend that the Bureau of Prisons designate the defendant to the SOMP in one of these areas.

## CONCLUSION

If Your Honor has any additional questions, the Government would be happy to provide a subsequent submission. The Government continues to respectfully request that the Court impose a substantial sentence of imprisonment in this case, considering the extremely serious nature of the defendant's crimes, the strong guidance of the United States Sentencing Guidelines, and all of the factors under 18 U.S.C. § 3553(a).

          Respectfully submitted,

          MICHAEL J. GARCIA
          United States Attorney
          Southern District of New York


By:  /s  Michael M. Rosensaft
      Michael M. Rosensaft
      Assistant United States Attorney
      212-637-2366

cc:    Thomas Kurt, Esq.