THOMAS P. KURT
ATTORNEY AT LAW

610 ADAMS ST.
TOLEDO, OHIO 43604
*thomaskurt.law@gmail.com*

PHONE: (419) 241-5506
FAX: (419) 243-4920

ADMITTED TO PRACTICE IN
OHIO, MICHIGAN, AND
FEDERAL COURTS

February 29, 2008

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 615
New York, NY 10007

Re: United States v. Timothy Archer, no. 07-CR-0757, SDNY

Dear Judge Sullivan:

Please accept this written submission with respect to the sentencing of Mr. Archer this coming Wednesday, March 5.

As you know, the court began the sentencing proceeding on January 19, and heard statements from me, AUSA Mr. Rosensaft, and Mr. Archer.

The court continued the hearing, indicating that it would like information as to sentences in similar cases in the Southern District of New York. The court also, as I understood, indicated that one area of significant concern is the question of the potential danger posed by Mr. Archer to the community.

As to the former question, Mr. Rosensaft has reported sentences in cases of which he has knowledge, and Emily Frankelis has provided similar information. These cases appear to reflect that sentences have ranged from straight probation up to various years of imprisonment. Given this wide range, I submit that this information, while helpful, does not significantly narrow the range of sentences which would meet the goal of avoiding sentencing disparities set forth at 18 U.S.C. § 3553(a)(6).

Regarding the question of assuring protection of the public from further crimes by the defendant, I would like to bring to the court's attention the treatment options which are available both in an incarceration setting as well as through supervised release.

(cont'd)

THOMAS P. KURT
ATTORNEY AT LAW

February 29, 2008

Hon. Richard J. Sullivan
United States District Court
Southern District of New York

Re: United States v. Timothy Archer, no. 07-CR-0757, SDNY



The PSI recommends that the court direct that any incarceration be at the Federal Medical Center at Devens, Massachusetts. That facility offers a Sex Offender Management Program, which includes an initial psycho-sexual assessment, a Correctional Management Plan, and treatment recommendations which may include referral to a federal Sex Offender Treatment Program, or a similar non-residential sex offender treatment program.

Here in Toledo, the Court Diagnostic Center provides services to area courts and probation departments, including the United States Probation Office. The Center has a non-residential Sex Offender Treatment Program which seeks to "provide an opportunity for each offender to take full responsibility for his/her sexual offending behavior, both known and unknown, become aware of the damage sexual offenses have on victims, and learn effective ways to manage his/her sexual deviancy." A complete description of the program can be viewed at the following URL:

http://www.courtdiagnostic.com/sex_offender_treatment_program.htm

I did speak by telephone with Dr. Charlene Cassel, (419) 244-8624, a psychologist who supervises that program. She indicated that the program's philosophy and operation is similar to that employed by the treatment programs at both Devens, Massachusetts and the similar program offered at FCI Butner, North Carolina. She also indicated that the program can easily, and often does, treat offenders who have begun a similar program at a federal institution; and in fact because of the similarities in the programs, can continue treatment essentially without interruption.

I would note, also, that the Court Diagnostic Center uses the Static 99 metric for predicting the risk of future offenses, see the link to "Professional Tools" at the above URL. The evaluation of Mr. Archer which I previously submitted,

(cont'd)

THOMAS P. KURT
ATTORNEY AT LAW

February 29, 2008

Hon. Richard J. Sullivan
United States District Court
Southern District of New York

Re: United States v. Timothy Archer, no. 07-CR-0757, SDNY



prepared by Dr. Gregory Forgac, also used this scale, and indicated that Mr. Archer presents a low risk of offending in the future. Given that Mr. Archer presents a low risk, I assume that he would not require residential treatment of any significant length.

In view of the above information, I submit that the court can fashion a sentence which meets all of the goals of 18 U.S.C. § 3553(a), which protects the public, which is not unduly harsh, which reflects the seriousness of the convicted offense, and which does not cause any more disruption to Mr. Archer's family than is necessary.

I continue to believe that a sentence of one year incarceration, followed by one year home confinement, and followed by the maximum possible term of supervised release, with non-residential treatment, would be adequate to meet those goals.

I believe that such a sentence is particularly appropriate given the availability of a treatment program in the northwest Ohio area which could seamlessly continue any treatment which Mr. Archer may start in the federal system. Most importantly, this combination of incarceration, treatment, and supervised release will adequately protect the public from any risk of future offense by Mr. Archer.

On Mr. Archer's behalf, thank you again for your consideration in this matter.

Very truly yours,

Thomas P. Kurt

cc: Michael Rosensaft, AUSA (via ECF system)